## Lady et al. v. Newkirk

*George Eves*, for defendant; *Charles H. Weidner, Stevens & Lee*, contra.

SHANAMAN, J., September 13, 1934.—The court en banc, having taken off a compulsory nonsuit in an action in trespass, permitted defendant in that suit, himself plaintiff in a cross-suit, to reargue the matter. See our opinion in same case handed down May 11, 1934. Counsel in his brief admits that "the usual practice of this court is to determine all the issues raised by various suits arising out of the same set of facts in one trial and through one jury," but contends that having once obtained a compulsory nonsuit before the trial judge, he is entitled to hold it, unless on the merits of the case it should be taken off.

We have before us nothing but the petition for reargument, and this we have granted. Neither the additional briefs nor the oral reargument have changed our opinion. Both the original suit and the cross-suit arise out of the same accident between two automobiles which collided while driving in opposite directions along the same highway. Each party claims damages and asserts that the other was at fault. The administration of justice is subserved if the suit and the cross-suit are determined in one trial and by one jury. We are of opinion that justice demands a new trial.

Counsel states that he relies on the procedure adopted in the unreported cases of Miller v. Swift & Co., August term, 1931, no. 292, and Swift & Co. v. Miller, November term, 1931, no. 87. While the procedure in that trial may have been similar to that followed by the trial judge in the instant case, we would observe that the proper practice was not in those cases expressly passed upon by the court en banc. Without intending to lay down an inflexible rule upon the subject, we are of opinion that where a suit and a cross-suit between plaintiff and defendant, in reversed positions, and arising out of the same accident, are tried together before the same jury, the preferable practice is not to nonsuit the initial plaintiff and withdraw a juror after hearing one side, but to go on with the trial, hear both sides and determine questions of law upon requests for binding instructions at the close of all the testimony.

We will not, therefore, alter the rule already handed down whereby we took off the entry of compulsory nonsuit.